UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No: 3:05mj27 (PCD) |
| | : | |
| JAMAINE ADKINS | : | |

## RULING ON MOTIONS TO DISMISS

Defendant Jamaine Adkins moves that this matter be dismissed and that he be immediately released, on the ground that this matter was instituted by criminal complaint dated February 23, 2005, and although Defendant consented to an extension of the preliminary hearing until April 22, 2005, he has not been indicted as of this time. Defendant argues that the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 et seq., would be violated by his remaining in custody and the case continuing. As such, Defendant asks this Court to dismiss the prosecution with prejudice. The Government agrees that the criminal complaint should be dismissed, but argues that it should be dismissed without prejudice.

I.     BACKGROUND

A criminal complaint charging Defendant and two co-defendants with possession with intent to distribute cocaine base ("crack") was filed on February 23, 2005, and warrants for the arrest of Defendant and his two co-defendants were issued. Defendant self-surrendered at the New Haven office of the Federal Bureau of Investigation on March 2, 2005, and was interviewed by agents there. The docket sheet reflects that Defendant's arrest warrant was executed on March 2, 2005.

Defendant was presented for his initial appearance before the Honorable Joan Glazer

Margolis, United States Magistrate Judge, on March 3, 2005.  Defendant was thereafter released on a $100,000 non-surety bond, and a preliminary hearing was scheduled for March 23, 2005.  On March 22, 2005, Defendant filed a motion seeking a continuance of the preliminary hearing up to and including April 22, 2005.  That motion was granted on March 24, 2006.

Plea negotiations ensued, and Defendant's co-defendants eventually pled guilty.  Defendant and the Government, however, were unable to agree on the terms of a plea.

Judge Margolis conducted a hearing on Defendant's alleged violations of the terms of supervised release on July 18, 2006, and consequently ordered Defendant detained.  On or about July 20, 2006, the Government notified defense counsel that, with the exception of the March 22, 2005 motion, no motions to continue the date for Defendant's preliminary hearing had been filed.

To date, although Defendant has been detained since July 18, 2006, a preliminary hearing has not been held and Defendant has not been indicted on the charges set forth in the criminal complaint.  On or about July 21, 2006, Defendant filed the instant motion seeking to dismiss the charges against him based upon a violation of the Speedy Trial Act and his Sixth Amendment right to a speedy trial.  The Government responded to Defendant's motion to dismiss on or about August 11, 2006.

## II.    DISCUSSION

### A.    Speedy Trial Act

The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b).  The Government agrees that Defendant's arrest on March 2, 2005, in

connection with the federal charges set forth in the February 23, 2005 criminal complaint, was sufficient to trigger the Government's obligation to indict Defendant within thirty days. Cf. United States v. Bloom, 865 F.2d 485, 491 (2d Cir. 1989) (the mere filing of a federal complaint, without a concurrent arrest, is insufficient to trigger the Speedy Trial Act's timing provisions). Accordingly, under the Speedy Trial Act, the charges against Defendant contained in the "complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).  The only dispute here is whether the complaint should be dismissed with or without prejudice.

In determining whether to dismiss the complaint with or without prejudice, the Court shall consider, *inter alia*, the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1).  In addition to the factors laid out in the Act, the Second Circuit has noted that "although prejudice to the defendant was not specifically referred to in § 3162(a)(1), 'there can be little doubt that Congress intended this factor to be relevant for a district court's consideration.'" United States v. Hernandez, 863 F.2d 239, 243 (2d Cir. 1988) (quoting United States v. Taylor, 487 U.S. 326, 334, 108 S. Ct. 2413, 2418, 101 L. Ed. 2d 297 (1988)).  No one factor is dispositive, see United States v. Taylor, 487 U.S. at 341-44, and the Speedy Trial Act does not express a preference for a particular type of dismissal, id. at 335.

The Supreme Court has noted that "[d]ismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." Taylor, 487 U.S. at 342. Accordingly, the "substantial delay" at issue here makes "make reprosecution, even if permitted,

unlikely." Id.

      1.      Seriousness of the Offense

The criminal complaint in this case alleges that Defendant possessed cocaine base with the intent to distribute it. The charge is a serious one. See Taylor, 487 U.S. at 337-38 (holding that there is no reason to doubt the district court's conclusion that the drug charges—i.e., conspiracy to distribute cocaine and possession of 400 grams of cocaine with intent to distribute—were serious ones); United States v. Stayton, 791 F.2d 17, 21 (2d Cir. 1986) ("the crime here—trafficking in 200 kilograms of a controlled substance—is a serious one"); Hernandez, 863 F.2d at 244 (holding that the offense—i.e., conspiring to distribute cocaine and using a telephone on two separate occasions to facilitate the distribution of cocaine—"was concededly serious"). Accordingly, this factor weighs in favor of dismissal without prejudice.

      2.      Facts and Circumstances Leading to Dismissal

The Second Circuit has said that "in the absence of a factually supported finding of bad faith or a pattern of neglect by the local United States Attorney, an 'isolated unwitting violation' of the Speedy Trial Act cannot support a decision to dismiss with prejudice." Hernandez, 863 F.2d at 244 (quoting Taylor, 487 U.S. at 339). To dismiss an action with prejudice, the reviewing court must specifically describe the Government's conduct and find it to constitute "a 'truly neglectful attitude,' 'bad faith,' a 'pattern of neglect,' or other serious misconduct." United States v. Wells, 893 F.2d 535, 539 (2d Cir. 1990) (quoting Taylor, 487 U.S. at 338-39).

In United States v. Giambrone, 920 F.2d 176 (2d Cir. 1990), the Second Circuit affirmed the dismissal with prejudice of an indictment for distribution and conspiracy to distribute eight ounces of cocaine, holding that "a demonstrably lackadaisical attitude on the part of the

4

government attorney in charge of the case or a pattern of dilatory practices on the part of the United States Attorney's office in the [Western District of New York]" could properly be taken into account. Id. at 180.  The Giambrone court found a "strong suggestion of a pattern of neglect" in several published and unpublished opinions and summary affirmances of dismissals for speedy trial violations out of the Western District. Id. at 182 (citing cases).

     Defendant does not allege and there no evidence indicating the existence of any "truly neglectful attitude," "bad faith," or "pattern of neglect," on the part of the Government. Defendant also does not allege and there is also no evidence indicating that the Government intentionally attempted to circumvent the requirements of the Speedy Trial Act. See United States v. Caloia, No. 94cr0309 (RLE), 1995 U.S. Dist. LEXIS 6478, at *12-14, 1995 WL 293961, at *5 (S.D.N.Y. May 12, 1995) (finding that this factor weighed in favor of dismissal without prejudice when there was no evidence of a pattern of neglect or of an attempt to circumvent the requirements of the Speedy Trial Act; the court found that this was an "isolated, unwitting violation" of the Act); cf. United States v. Stayton, 791 F.2d at 20 (case dismissed with prejudice where the court conducted jury voir dire in an effort to satisfy commencement of the speedy trial requirement, but did not swear jurors and begin trial until twenty-three months later).

     Moreover, Defendant did not bring his speedy trial concern to the Court's attention until fifteen months after the time requirement set out in the Speedy Trial Act had passed, and after the Government had affirmatively notified defense counsel of the issue.  Defendant was under "no obligation to take affirmative steps to insure that [he] would be tried in a timely manner," however, the fifteen month delay in asserting this right "evidences a somewhat limited concern

that is significant."[1] Caloia, 1994 U.S. Dist. LEXIS 6478, at *13 (five month delay in asserting right significant) (quoting United States v. Tunnessen, 763 F.2d 74, 79 (2d Cir. 1985)).  Finally, Defendant did not move for a severance, which also evidences a limited concern as to his rights under the Speedy Trial Act. See United States v. Vasquez, 918 F.2d 329, 337 (2d Cir. 1990) ("The severance requirement serves both to alert the trial court to defendant's claim of speedy trial prejudice and to remove the possibility that a defendant might acquiesce in unreasonable pretrial delays of a co-defendant and then belatedly seek the 'reasonableness' protection of [18 U.S.C. § 3161](h)(7) in order to obtain dismissal of the indictment.").

The evidence at issue here indicates that this was an "isolated, unwitting violation" of the Speedy Trial Act, and therefore, this factor weighs in favor of dismissal without prejudice.

3.     Impact of Reprosecution and Prejudice to Defendant

Analysis of the third factor—i.e., the impact of a reprosecution on the administration of justice—involves weighing the seriousness of the Speedy Trial Act violation against any corresponding prejudice to the defendant. See Wells, 893 F.2d at 539-40; Taylor, 487 U.S. at 333-34.  Prejudice to the defendant is measured, in part, by consideration of the length of the delay, as "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." Taylor, 487 U.S. at 340.  Justice White, concurring in Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), noted the importance of this factor and described the impact of delay on a

---

[1]     The Second Circuit held, in United States v. Tunnessen, that the government's affirmative obligation under the Speedy Trial Act to insure the speedy prosecution of criminal charges is not relieved when a defendant fails to take positive steps to insure that he will be tried in a timely manner. 763 F.2d 74, 79 (2d Cir. 1985).

defendant's rights:

> [I]t is appropriate to emphasize that one of the major purposes of the [Speedy Trial Act] is to guard against inordinate delay between public charge and trial, which, wholly aside from possible prejudice to a defense on the merits, may "seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends."

Id. at 537 (citing United States v. Marion, 404 U.S. 307, 320, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971)).

The delay in this case was fifteen months. Although this is a significant delay, Defendant does not allege that he was prejudiced in any way. Defendant was not incarcerated for the majority of the delay. As stated above, he was not detained until July 18, 2006, after he failed a drug test and thereby violated the terms of his supervised release. This, of course, does not render the fifteen-month delay inconsequential, but it does lessen its impact. Long delays, such as the one at issue here, tend to increase the probability that prejudice would result, whereas short delays are often regarded as inconsequential. See Taylor, 487 U.S. at 341 (no prejudice when there was only a fourteen-day delay); Wells, 893 F.2d at 540 (finding nothing in the record to indicate that the thirty-two-day delay "caused any prejudice to [the defendant] or that permitting reprosecution would adversely affect the administration of the Act"); Hernandez, 863 F.2d at 244 ("The fourteen-day delay here borders on being de minimis and plainly did not result in any prejudice to the defendant."); Caloia, 1995 U.S. Dist. LEXIS 6478, at *17 (fifteen-day delay insignificant; no prejudice); cf. United States v. Mancuso, 302 F. Supp. 2d 23, 31, 33 (E.D.N.Y. 2004) (dismissing indictment with prejudice where a three-year delay between the arrest and the indictment prejudiced the defendant's ability to mount a defense, as documentary and electronic

stored evidence was lost as a result of the delay).

It cannot be said that no prejudice would result from a fifteen-month delay, however, Defendant has not asserted any prejudice. The lack of any significant prejudice to Defendant, although not dispositive, is a permissible "consideration in favor of permitting reprosecution." Wells, 893 F.2d at 540 (quoting Taylor, 487 U.S. at 341). Moreover, there has been no showing of a "pattern of disregard" on the part of the Government, and thus there is "no adverse impact on the administration of justice."

Defendant cites only one case, United States v. Caparella, 716 F.2d 976 (2d Cir. 1983), in support of his motion to dismiss with prejudice based on the Speedy Trial Act violation at issue here. Caparella, however, is distinguishable on a number of ground. First, Caparella involved "an attempt to circumvent the Speedy Trial Act's requirements." Caloia, 1995 U.S. Dist. LEXIS 6478, at *14-16 (distinguishing Caperella on that basis and noting that, in Caparella, the Government had already once sought and secured a dismissal of charges ex parte before reprosecuting the defendant in an effort to circumvent the requirements of the Speedy Trial Act). Moreover, the offense at issue in Caparella—i.e., mail theft in violation of 18 U.S.C. § 1709—was not a "'serious' crime." Caparella, 716 F.2d at 980. Finally, Caparella was decided before the Supreme Court decision in Taylor, and held that dismissals with prejudice, even where there was no evidence of bad faith or evil motive, were necessary to further the purpose of the Speedy Trial Act. Caparella, 716 F.2d at 980-81. The Second Circuit has since held that the reasoning in Caparella "cannot be reconciled with the holding of the Supreme Court in Taylor." Hernandez, 863 F.2d at 244.

Defendant has not asserted any prejudice here and there is no basis—aside from the

length of the delay itself—for a finding of prejudice on the record before the Court. Moreover, there has been no showing of an adverse impact on the administration of justice. Accordingly, it is held that this factor militates in favor of dismissal without prejudice.

### B. Sixth Amendment Right to Speedy Trial

Defendant also asserts that his Sixth Amendment right to a speedy trial has been violated and as such, he is entitled to a dismissal of the charge against him with prejudice. The Government argues that Defendant's Sixth Amendment right to a speedy trial has not been violated.

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. CONST. amend. VI. A defendant's rights under the speedy trial provision of the Sixth Amendment attach with either the filing of the "indictment, information, or other formal charge," or with "actual restraints imposed by arrest and holding to answer a criminal charge." Marion, 404 U.S. at 320-21. When a defendant's Sixth Amendment right to a speedy trial has been violated, dismissal of the charge with prejudice is mandatory. Strunk v. United States, 412 U.S. 434, 439, 93 S. Ct. 2260, 37 L. Ed. 2d 56 (1973).

The Supreme Court has said that courts should conduct a balancing test, weighing the conduct of both the prosecution and the defendant, in determining whether a defendant's Sixth Amendment rights have been violated. Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). The factors to be weighed in determining whether a defendant has been denied his constitutional right to a speedy trial include: (1) length of the delay; (2) reasons for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Id.

#### 1. Length of Delay

The Supreme Court has noted that the first factor, the length of the delay, is "a triggering mechanism," such that if the delay is not found to be "presumptively prejudicial," the court need not inquire into the other three factors. Barker, 407 U.S. at 530. The length of delay that will provoke such inquiry "is necessarily dependent upon the peculiar circumstances of the case." Id. at 530-31. In this case, a total of fifteen months "non-excludable" time elapsed between Defendant's arrest on March 2, 2005, and the filing of his speedy trial motion on July 21, 2006.

Although "presumptively prejudicial" has not been defined, the Second Circuit has noted, without approving or rejecting it, the existence of "a general consensus that a delay of over eight months meets this standard, while a delay of less than five months does not." United States v. Vassell, 970 F.2d 1162, 1164 (2d Cir. 1992) (declining to decide whether a seven-month delay was presumptively prejudicial) (citing Gregory P.N. Joseph, Speedy Trial Rights in Application, 48 FORDHAM L. REV. 611, 623 n. 71 (1980) (collecting cases)); cf. United States v. Blanco, 861 F.2d 773, 778 (2d Cir. 1988) (delay exceeding ten years was presumptively prejudicial); United States v. Di Francesco, 604 F.2d 769, 777 (2d Cir. 1979) (delay exceeding thirty months was sufficient to trigger analysis of other three factors, however, no speedy trial violation occurred), rev'd on other grounds, 449 U.S. 117, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980). The Court need not decide whether this delay is "presumptively prejudicial," however, because even assuming *arguendo* that it is, the remaining three factors establish that Defendant's Sixth Amendment right to a speedy trial was not violated.

    2.    Reason for Delay

With regard to this factor, the Supreme Court held that "different weights should be assigned to different reasons" for the delay:

10

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

Barker, 407 U.S. at 531. This Court has already found that the delay here was an "isolated, unwitting" delay, see supra § II.A.2, on the ground that there is no evidence that the prosecutors intentionally delayed in an effort to gain a "tactical advantage" or to "harass" Defendant. See Barker, 407 U.S. at 531 n.32 (quoting Marion, 404 U.S. at 325). As such, the delay can be classified as a "neutral" delay and will be weighted less heavily than it would if it was a deliberate delay.

### 3. Defendant's Assertion of the Right

The third factor relates to "the defendant's responsibility to assert his right." Barker, 407 U.S. at 531. This factor is closely related to the other three factors:

> The strength of [the defendant's] efforts [to assert his right] will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right.

Id. at 531-32. Here, Defendant raised his speedy trial claim after the Government discovered the violation and called it to defense counsel's attention. Accordingly, Defendant has not waived his claim, however, his "lack of timeliness" or "vigor" in pressing the claim militates against according this factor "strong evidentiary weight." Rayborn v. Scully, 858 F.2d 84, 93 (2d Cir. 1988) (citing United States ex rel. Eccleston v. Henderson, 534 F. Supp. 813, 816 (E.D.N.Y.)

11

(one motion to dismiss for failure to provide speedy trial nine months after arrest and nine and one-half months before trial was not "aggressive[] enough to warrant the relief . . . sought"), aff'd mem., 697 F.2d 289 (2d Cir.), cert. denied, 459 U.S. 871, 103 S. Ct. 157, 74 L. Ed. 2d 131 (1982); Dudley v. Dalsheim, 526 F. Supp. 88, 93 (S.D.N.Y. 1981) (twenty-month delay in asserting right found too long), aff'd mem., 686 F.2d 110 (2d Cir. 1982)); Vasquez, 918 F.2d at 338 (the defendants' delay of twenty-two months before advancing their speedy trial claims "hardly renders plausible their contention that an expeditious resolution of their cases was a matter of pressing constitutional importance for them" and weighs strongly against their claim that their right to a speedy trial was violated).  Accordingly, although Defendant has asserted his right, this factor is not accorded strong evidentiary weight and may even weigh in favor of a finding of no constitutional violation.

        4.     Prejudice

The fourth factor, prejudice, should be assessed in light of the three interests which the speedy trial right is designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. Barker, 407 U.S. at 532 (noting that the last interest is the most serious one).  As stated above, see supra § II.A.3, Defendant has asserted no prejudice.  With regard to the second and third factors, Defendant has not asserted, and there is no evidence to suggest, that he has suffered "anxiety" or "concern," or that his defense has been impaired.  The fact that Defendant has been incarcerated since July 18, 2006 certainly is a hardship and can be considered prejudicial, however, "the circumstances here do not 'approach the prejudice suffered by defendants in cases where [the Second Circuit] ha[s] found a speedy-trial violation.'" Vasquez,

918 F.2d at 338 (quoting Flowers v. Warden, 853 F.2d 131, 133 (2d Cir.), cert. denied, 488 U.S. 995, 109 S. Ct. 563, 102 L. Ed. 2d 588 (1988)).  Accordingly, Defendant has not carried his burden of showing that he has been adversely affected by the delay. See United States v. Alo, 439 F.2d 751, 755 (2d Cir. 1971) ("since pretrial delay may benefit as well as prejudice a defendant, it is incumbent upon him to show that he has been adversely affected").

        5.    Conclusion

The application of the Barker test indicates that the four factors do not decisively confirm defendant's allegations of a constitutional violation.  The second factor—reason for the delay—is neutral, the third factor—a defendant's assertion of his right—seems to weigh against his claim, and Defendant has not carried his burden of showing prejudice, the fourth factor. After reviewing all of the relevant factors, the Court finds that Defendant did not suffer a violation of his constitutional right to a speedy trial.  This holding is in line with other decisions in which the Second Circuit has found no constitutional violation when faced with even longer delays. See, e.g., United States v. McGrath, 622 F.2d 36, 40 (2d Cir. 1980) (finding no constitutional violation when faced with a twenty-four-month delay and holding that this delay is "considerably shorter than that of other cases in which no Sixth Amendment violation has been found"); United States v. Di Francesco, 604 F.2d at 776-77 (thirty-month delay did not result in speedy trial violation);  United States v. Lane, 561 F.2d 1075 (2d Cir. 1977) (no speedy trial violation for fifty-eight-month delay); see also Barker v. Wingo, 407 U.S. at 533 (delay of "well of five years" did not violate the Sixth Amendment).

**III.   CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 40] is **granted in**

**part**, and the Government's Motion to Dismiss [Doc. No. 42] is **granted**.  This action is hereby dismissed without prejudice.  Defendant shall be immediately released from custody.

    SO ORDERED.

                              Dated at New Haven, Connecticut, September  20 , 2006.

                                                /s/
                                Peter C. Dorsey, U.S. District Judge
                                      United States District Court